| STATE OF NORTH CAROLINA | File No. 24-CVS-003131-590 |
|---|---|
| __MECKLENBURG__ County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name And Address Of Plaintiff 1<br>Ty McBride<br>C/O Benjamin S. Chesson, Allen, Chesson & Grimes PLLC<br>505 N Church Street<br>Charlotte         NC         28202 | **GENERAL<br>CIVIL ACTION COVER SHEET**<br>☐ INITIAL FILING  ☒ SUBSEQUENT FILING |
|---|---|
| Name And Address Of Plaintiff 2<br>Mason Lane Entertainment LLC<br>C/O Benjamin S. Chesson, Allen, Chesson & Grimes PLLC<br>505 N Church Street<br>Charlotte         NC         28202 | Rule 5(b) of the General Rules of Practice for the Superior and District Courts |

**VERSUS**

| Name And Address Of Defendant 1<br>Hank Sacks<br>6808 6th NW Street<br>Washington        DC        20012 | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)<br>Benjamin S. Chesson<br>Allen, Chesson & Grimes PLLC<br>505 N Church Street<br>Charlotte         NC         28202 |
|---|---|
| Summons Submitted  ☐ Yes  ☒ No | Telephone No. 704.755.6010 | Cellular Telephone No. |
| | NC Attorney Bar No. 41923 | Attorney Email Address bchesson@allenchesson.com |
| Name And Address Of Defendant 2<br>Partisan Arts, Inc.<br>C/O Julie Rene, Registered Agent<br>899 Northgate Drive, Suite 306<br>San Rafael        CA        94903 | ☐ Initial Appearance in Case  ☐ Change of Address |
| | Name Of Firm: Allen, Chesson & Grimes PLLC | Fax No. |
| Summons Submitted  ☐ Yes  ☒ No | Counsel For ☒ All Plaintiffs ☐ All Defendants ☐ Only: (list party(ies) represented) |

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)

| | |
|---|---|
| ☐ Amend (AMND) | ☐ Failure To State A Claim (FASC) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR) |
| ☒ Amended Complaint (AMND) | ☐ Improper Venue/Division (IMVN) |
| ☐ Assess Costs (COST) | ☐ Including Attorney's Fees (ATTY) |
| ☐ Answer/Reply (ANSW-Response) (see Note) | ☐ Intervene (INTR) |
| ☐ Change Venue (CHVN) | ☐ Interplead (OTHR) |
| ☐ Complaint (COMP) | ☐ Lack Of Jurisdiction (Person) (LJPN) |
| ☐ Confession Of Judgment (CNFJ) | ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) |
| ☐ Consent Order (CONS) | ☐ Modification Of Child Support In IV-D Actions (MSUP) |
| ☐ Consolidate (CNSL) | ☐ Notice Of Dismissal With Or Without Prejudice (VOLD) |
| ☐ Contempt (CNTP) | ☐ Petition To Sue As Indigent (OTHR) |
| ☐ Continue (CNTN) | ☐ Rule 12 Motion In Lieu Of Answer (MDLA) |
| ☐ Compel (CMPL) | ☐ Sanctions (SANC) |
| ☐ Counterclaim (CTCL) *Assess Court Costs* | ☐ Set Aside (OTHR) |
| ☐ Crossclaim (list on back) (CRSS) *Assess Court Costs* | ☐ Show Cause (SHOW) |
| ☐ Dismiss (DISM) *Assess Court Costs* | ☐ Transfer (TRFR) |
| ☐ Exempt/Waive Mediation (EXMD) | ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL) |
| ☐ Extend Statute Of Limitations, Rule 9 (ESOL) | ☐ Vacate/Modify Judgment (VCMD) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Withdraw As Counsel (WDCN) |
| ☐ Failure To Join Necessary Party (FJNP) | ☐ Other (specify and list each separately) |

**EXHIBIT A**

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts                                           (Over)

Case 3:24-cv-00212   Document 3-1   Filed 02/23/24   Page 1 of 11

## CLAIMS FOR RELIEF

- [ ] Administrative Appeal (ADMA)
- [ ] Appointment Of Receiver (APRC)
- [ ] Attachment/Garnishment (ATTC)
- [ ] Claim And Delivery (CLMD)
- [ ] Collection On Account (ACCT)
- [ ] Condemnation (CNDM)
- [ ] Contract (CNTR)
- [ ] Discovery Scheduling Order (DSCH)
- [ ] Injunction (INJU)
- [ ] Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- [ ] Medical Malpractice (MDML)
- [ ] Minor Settlement (MSTL)
- [ ] Money Owed (MNYO)
- [ ] Negligence - Motor Vehicle (MVNG)
- [ ] Negligence - Other (NEGO)
- [ ] Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- [ ] Possession Of Personal Property (POPP)
- [ ] Product Liability (PROD)
- [ ] Real Property (RLPR)
- [ ] Specific Performance (SPPR)
- [ ] Other *(specify and list each separately)*
  - Wrongful Interference with Contract Right
  - Defamation

| Date | Signature Of Attorney/Party |
|---|---|
| 01/30/2024 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | [ ] Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | [ ] Additional Defendant(s)       [ ] Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | [ ] Yes  [ ] No |
| | | [ ] Yes  [ ] No |
| | | [ ] Yes  [ ] No |
| | | [ ] Yes  [ ] No |
| | | [ ] Yes  [ ] No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

Case 3:24-cv-00212   Document 3-1   Filed 02/23/24   Page 2 of 11

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF MECKLENBURG | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>24 - CVS - 003131-590 |

Ty McBride and Mason Lane )
Entertainment LLC )
                 )
         Plaintiffs, )
                 )          **AMENDED COMPLAINT**
v.                     )            **(Jury Trial Demanded)**
                 )
Hank Sacks and Partisan Arts, )
Inc., )
                 )
         Defendants. )
                 )
_____ )

       Plaintiffs Ty McBride and Mason Lane Entertainment allege the following against Hank Sacks and Partisan Arts, Inc.:

### Parties

       1.      Ty McBride is a citizen and resident of Charlotte, North Carolina.

       2.      Mason Lane Entertainment LLC is a Delaware LLC. Ty McBride is the manager of Mason Lane.

       3.      Partisan Arts is a California corporation with its principal place of business in California.

       4.      Hank Sacks is an employee or agent of Partisan Arts who, upon information and belief, is a citizen and resident of Washington D.C. At all times relevant to this Complaint, Sacks was acting in the course and scope of his employment or agency and for the benefit of Partisan Arts.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action and the parties.

6. Venue is proper in Mecklenburg County, North Carolina.

7. This Court is the proper division for trial of this action, as the amount in controversy exceeds $25,000.

## Background

8. For years, McBride operated music concerts in Charlotte, with bands ranging from Lady A to Darius Rucker.

9. Through his experience, McBride gained a reputation as an expert in the live music industry.

10. AMP Ballantyne began developing an outdoor amphitheater in Ballantyne to host music concerts for profit.

11. The AMP Ballantyne holds itself out as an outdoor amphitheater venue that hosts events including concerts, festivals markets, local performances, fitness classes and more.

12. Given McBride's vast expertise in the live music industry, AMP Ballantyne, its management company NOW Amphitheater, and primary investor Northwood Office LLC asked McBride to provide advice on best practices.

13. Mason Lane and McBride provided invaluable advice to AMP Ballantyne, NOW Amphitheater, and Northwood Office to assist them in opening AMP Ballantyne.

2

14. Mason Lane and McBride expended considerable time and provided extensive services to ready the AMP Ballantyne for events.

15. Mason Lane and McBride did not receive compensation for these services, rather the services they provided were part of a partnership with NOW Amphitheater, AMP Ballantyne, and Northwood Office.

16. AMP Ballantyne, NOW Amphitheater, and Northwood Office knew McBride did not offer these services for free.

17. Around June 2023, NOW Amphitheater Management LLC and Mason Lane Entertainment LLC entered into an Amphitheater Event Management Agreement for the AMP Ballantyne property located at 11115 Upper Ave., Charlotte, NC 28277.

18. Through this agreement, Mason Lane agreed to provide certain services related to AMP Ballantyne, including securing entertainment for AMP Ballantyne events and setting up and running the food and beverage program for AMP Ballantyne events.

19. In exchange, NOW Amphitheater agreed to pay Mason Lane a commission for each event at AMP based on a percentage of the revenue from ticket sales, food and drink sales, merchandise, and parking.

20. After the Amphitheater Event Management Agreement, Mason Lane and McBride began work to bring talent to AMP Ballantyne for events in the fall of 2023.

21. In July 2023, McBride began discussions with Hank Sacks of Partisan Arts to schedule a Big Head Todd and the Monsters concert at AMP Ballantyne.

22. When McBride did not agree to the terms that Sacks proposed to bring Big Head Todd to AMP Ballantyne, Sacks became angry and called McBride an amateur.

23. Sacks then cancelled a show scheduled at the AMP Ballantyne with another one of the artists Partisan Arts promoted because he was angry with McBride about the Big Head Todd situation.

24. Sacks did not stop there. During a phone conversation with Bobby Hendrix – a promoter related to AMP Ballantyne – Sacks said that he didn't trust AMP Ballantyne to schedule shows with Partisan Arts's artists because of McBride.

25. Talking about McBride, Sacks said that AMP Ballantyne was not vetting its promoters or working with seasoned people.

26. Upon information and belief, Sacks made other untrue statements about McBride to Bobby, including that, related to promoting a concert venue, McBride did not know what he was doing and was an amateur.

27. Sacks told Bobby that Partisan Arts would not schedule further concerts for Partisan Arts's artists at the AMP Ballantyne if McBride continued to be associated with the venue.

28. Upon information and belief, Sacks made other untrue statements about McBride to other promoters and businesses associated with the AMP Ballantyne.

4

Case 3:24-cv-00212    Document 3-1    Filed 02/23/24    Page 6 of 11

29. As a result of Sacks's untrue statements and threat to end future business with AMP Ballantyne, NOW Amphitheater terminated the Amphitheater Event Management Agreement and told McBride it could not move forward with pursuing future partnerships with Mason Lane despite the time and effort McBride had put into the AMP Ballantyne.

**First Claim for Relief**
**(Wrongful Interference with Contract Right)**

30. Plaintiffs incorporate by reference all Paragraphs in the Complaint.

31. The Amphitheater Event Management Agreement was a valid and binding contract between Mason Lane and NOW Amphitheater where Mason Lane, among other things, promoted the AMP Ballantyne venue to potential artists and their promotors in exchange for a portion of the revenue from ticket sales, food and drink sales, merchandise, and parking.

32. Partisan Arts, through its agent Sacks had knowledge that McBride (through Mason Lane) had an agreement to promote AMP Ballantyne.

33. Sacks, and Partisan Arts, through Sacks, intentionally induced NOW Amphitheater to terminate its agreement with Mason Lane when he, among other things, canceled a show at AMP Ballantyne and told AMP Ballantyne's agents that Partisan Arts would not schedule further concerts for Partisan Arts's artists at the AMP Ballantyne if McBride continued to be associated with the venue.

34. But for Sacks's actions, NOW Amphitheater would not have terminated its agreement with Mason Lane.

5

35. Sacks had no justification for his actions, but instead acted out of anger toward McBride when McBride would not agree to his terms to confirm a Big Head Todd concert at AMP Ballantyne.

36. As a result of Sacks's actions, McBride and Mason Lane suffered actual damages, including but not limited to, lost commissions and other amounts Mason Lane was entitled to under the Amphitheater Event Management Agreement, in an amount to be determined by the jury.

37. As Sacks was acting within the course and scope of his employment or agency with Partisan Arts at the time, Partisan Arts is responsible for Sacks's actions based on vicarious liability.

38. Sacks's actions were done with malice, based on his anger towards McBride as more fully set forth in the Complaint. As a result, McBride and Mason Lane are entitled to punitive damages from Sacks in an amount to be determined by the jury.

**Second Claim for Relief**
**(Defamation)**

39. McBride incorporates by reference all Paragraphs in the Complaint.

40. As set forth above, Sacks made statements about McBride, including that McBride did not know what he was doing and was an amateur.

41. Sacks knowingly communicated the above statements to individuals associated with AMP Ballantyne and NOW Amphitheater, including Bobby Hendrix.

42. Sacks's statements were false.

43. Sacks's false statements were statements that impeach McBride in his trade, business, or profession.

44. Sacks knew the statements were false when he made them or failed to exercise ordinary care to determine whether the statements were false.

45. Sacks made the statements with malice, based on his anger toward McBride that the Big Head Todd concert deal fell through.

46. As Sacks was acting within the course and scope of his employment or agency with Partisan Arts at the time, Partisan Arts is responsible for Sacks's actions based on vicarious liability.

47. As a result of Sacks's actions, McBride and Mason Lane suffered actual damages, in an amount to be determined by a jury.

48. In addition to actual damages, McBride and Mason Lane seek presumed damages, including loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment due to Sacks's defamation, in an amount to be determined by a jury.

49. McBride and Mason Lane are also entitled to punitive damages from Sacks in an amount to be determined by the jury for Sacks's malicious actions.

**WHEREFORE,** Ty McBride and Mason Lane Entertainment LLC pray to recover:

1. Compensatory damages in whatever amount a jury determines fair and just, in any event, greater than $25,000 against Defendants, for which Defendants shall be jointly and severally liable;

2. Presumed damages in whatever amount a jury determines fair and just for Defendant Sacks's defamation per se;

3. Punitive damages against Defendant Sacks for his malicious conduct;

4. Costs for bringing this Action;

5. Pre-and post judgment interest;

6. A jury to decide all facts and hear all issues; and

7. Any other and further relief the Court deems just and proper.

January 30, 2024.

/s/ Benjamin Chesson
Benjamin S. Chesson, NC Bar No. 41923
Anna C. Majestro, NC Bar No. 50850
Allen, Chesson & Grimes PLLC
505 N. Church Street
Charlotte, NC 28202
(704) 775-6010
bchesson@allenchesson.com
amajestro@allenchesson.com
*Counsel for Plaintiffs Ty McBride and Mason Lane Entertainment LLC*

# CERTIFICATE OF SERVICE

      I certify that I served the foregoing document on the following parties by U.S. mail on January 30, 2024.


Hank Sacks
6808 6th NW St.
Washington, DC 20012

Partisan Arts, Inc.
C/O Julie Rene
899 Northgate Drive, Suite 306
San Rafael, CA 94903


                                                  /s/ Benjamin Chesson